**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| KIMBERLY JO DEVISH, <br> on behalf of Plaintiff and the class <br> members described below, <br><br> Plaintiff, <br><br> v. <br><br> COMENITY BANK; <br><br> Defendant. | ) <br> ) <br> ) <br> )     1:24-cv-2083 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Kimberly Jo Devish files this Complaint seeking actual, statutory, and punitive damages for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") by Defendant Comenity Bank.

2. The purpose of the FCRA is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable, and with regard to the confidentiality, accuracy, and proper utilization of such information.

3. Plaintiff, Kimberly Jo Devish, is a resident of Indianapolis, Indiana.

4. Defendant Comenity Bank is a state chartered bank with a principal address of 1 Righter Pkwy., Ste. 100, Wilmington, DE 19803.

5. Defendant is a "person" as that term is defined under 15 U.S.C. §1681a(b).

**JURISDICTION AND VENUE**

6. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1681p.

7. Venue is proper in this Court pursuant to 15 U.S.C. §1391(b). Defendant conducts business in this judicial district. Plaintiff resides in this judicial district. The acts and transactions alleged herein occurred in this judicial district.

8. Article III is satisfied because the unauthorized pulling of credit reports constitutes an invasion of privacy.

**FACTS**

9. Plaintiff is a consumer.

10. Prior to May 30, 2023, Plaintiff incurred two debts with Comenity Bank. The debts were primarily for personal, family or household purposes and not for business purposes.

11. These debts were being reported to various credit reporting agencies.

12. On May 30, 2023, Plaintiff filed a Chapter 7 bankruptcy, Case 23bk2291 (S.D.Ind.) (Exhibit A).

13. The debts originated with Comenity Bank were scheduled in Plaintiff's bankruptcy. (Exhibit B) The Comenity debts were in the hands of debt buyers or collectors by the time of the filing.

14. The Bankruptcy Noticing Center sends notice of the bankruptcy and automatic stay to those entities listed on Plaintiff's bankruptcy petition. Notice is sent electronically to entities that have agreed to receive notice in this manner, including Comenity Bank.

15. The Bankruptcy Noticing Center sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, to Defendant, electronically, on June 1, 2023 (Exhibit C).

16. Plaintiff received a discharge of all her debts, including the Comenity Bank debts, on October 2, 2023. (Exhibit D)

17. The Bankruptcy Noticing Center sent the Discharge of Debtor to Comenity Bank electronically, on October 2, 2023. (Exhibit E)

18. Despite the knowledge of Plaintiff's discharge of her debts, Defendant Comenity Bank procured Plaintiff's Experian credit report on Feb. 15, 2024. (Exhibit F)

19. Defendant had not applied for credit with Defendant.

20. Because Plaintiff had filed a bankruptcy on Defendant's debts, Defendant had no actual permissible purpose for procuring Plaintiff's credit report. It had no collection purpose and

no account review purpose because the account no longer existed. Plaintiff had not applied for new credit with Defendant.

21. Defendant had knowledge of Plaintiff's bankruptcy before pulling the report.

22. On information and belief, Defendant has engaged in pattern of obtaining credit reports of discharged borrowers.

23. Under the FCRA, 15 U.S.C. § 1681a et seq., a person is prohibited from obtaining a consumer report without a permissible purpose for doing so. The permissible purposes allowed by the FCRA are set forth in 15 U.S.C. § 1681b.

24. Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person not only has a permissible purpose for procuring the report but certifies that purpose to the consumer reporting agency.

25. Defendant's use of Plaintiff's credit report violates 15 U.S.C. § 1681b(f).

26. Defendant had no permissible purpose in obtaining the credit reports of Plaintiff as Plaintiff had recently completed a chapter 7 bankruptcy case that discharged the debts once owed to Defendant.

27. Consistent with its pattern and practice, Defendant wrongfully obtained the credit report of Plaintiff after Plaintiff's bankruptcy was discharged.

28. Defendant had no permissible purpose under 15 U.S.C. § 1681b for obtaining the credit report of Plaintiff.

29. The entities from which the Defendant obtain credit reports of non-applicants are "consumer reporting agencies" within the meaning of the FCRA.

30. Defendant's conduct effected an invasion of Plaintiff's privacy in her credit information.

## CLASS ALLEGATIONS

31. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this action on behalf of a class.

32. The class consists of (a) all individuals (b) whose credit reports Defendant Comenity Bank pulled (c) after receiving notice that the individual's debt to Defendant Comenity Bank had been discharged in a Chapter 7 bankruptcy, (d) on or after a date two years prior to the filing of this action.

33. On information and belief, this has occurred more than 40 times, and the members of the class are so numerous that joinder of all members is impracticable.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant had a permissible purpose for pulling the class members' credit reports;

    b. Whether Defendant had reasonable procedures in place to ensure that it only obtained credit reports when it had a permissible purpose for obtaining those reports;

    c. Whether Defendant violated the FCRA by obtaining the class members' credit reports after their debts had been discharged;

    d. Whether Defendant's conduct was willful; and

    e. The appropriate relief.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FCRA litigation.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

## COUNT I – FCRA

38. Plaintiff incorporates paragraphs 1 through 37.

39. In connection with its practice of obtaining credit reports of discharged consumers, Defendant acted willfully, knowingly, and in conscious disregard for the rights of Plaintiff under the FCRA in obtaining Plaintiff's credit report.

40. As a result of Defendant's willful practice of violating the FCRA, Defendant is liable under 15 U.S.C. § 1681n.

41. Section 1681n provides:

> **§1681n.  Civil liability for willful noncompliance**
>
> **(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> > **(1)**
> >
> > > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
> >
> > **(2) such amount of punitive damages as the court may allow; and**
> >
> > **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and in favor of the class members and against Defendant for:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Punitive damages;

    d.    Attorney's fees, litigation expenses and costs of suit;

    e.    Such other or further relief as is appropriate.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (IL ARDC 0712094)
Tara L. Goodwin (IL ARDC 62970473)
Caileen M. Crecco (IL ARDC 6343265)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\41045\Pleading\Complaint -- Comenity only_Pleading.WPD

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                                  */s/ Daniel A. Edelman*
                                                  Daniel A. Edelman

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

T:\41045\Pleading\Complaint -- Comenity only_Pleading.WPD